SLR:EDB:BGK
F. # 2005V01681

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

D/F

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

LORNA MUND,

        Defendant.

- - - - - - - - - - - - - - - - X

**PRELIMINARY ORDER OF FORFEITURE**

05-0336 (S-1) (NGG)

WHEREAS, in the Forfeiture Allegation of the Indictment in the above-captioned case the United States sought forfeiture, pursuant Title 21, United States Code, Section, 853, of any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of Title 21, United States Code, Section 841(a)(1), or conspiracy to commit such offense; and

WHEREAS, on or about November 3, 2005, the defendant, LORNA MUND, pled guilty to violation of Count One of the Indictment, to wit, Title 21, United States Code, Section, 846, conspiracy to violate Title 21, United States Code, Section 841(a)(1);

-1-

WHEREAS, pursuant to the defendant's plea agreement, the defendant agreed and consented to forfeit to the United States all of her right, title and interest in the sum of $23,000.00 United States currency, more or less, and all proceeds traceable thererto, seized by Special Agents of the Department of Homeland Security, Immigration and Customs Enforcement, from a safety deposit box located at Roslyn Savings Bank, 1900 Hempstead Turnpike, East Meadow, New York, on or about June 17, 2004 (hereinafter, "the Forfeited Funds").

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Title 21, United States Code, Section 853, the defendant shall forfeit to the United States all of her right, title and interest in the Forfeited Asset which constitutes property derived from and/or is proceeds the defendant obtained, directly or indirectly, as a result of her violations of 21 U.S.C. § 846, and/or is property traceable to such property, and/or is a substitute asset as defined in 21 U.S.C. § 853(p).

2. Upon entry of this Order, the United States Attorney General, or his designee, is authorized to seize the Forfeited Asset and to conduct any discovery necessary to identify or dispose of the Forfeited Asset, and any discovery necessary to resolve disputes regarding third parties in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

3. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Preliminary Order of Forfeiture.

4. The United States shall publish notice of this Preliminary Order of Forfeiture in a newspaper of general circulation in this district, and of its intent to dispose of the Forfeited Asset in such a manner as the Attorney General or his designee may direct.

5. Any person, other than the defendant, asserting a legal interest in the Forfeited Asset must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Asset, and for an amendment to this order, pursuant to Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third-party asserting an interest in the Forfeited Asset shall (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Asset; and (iii) any additional facts supporting the petitioner's claim and relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any assets identified and/or seized in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

9. At the expiration of the period provided by statute, or, in the event any third-party files a timely claim, upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward four (4) certified copies of this Order to Assistant U.S. Attorney Brendan G. King, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
Dec 21, 2005

HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE