

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES,

**ADDENDUM TO
SENTENCING MEMORANDUM**

05-CR-336 (NGG)

v.

LORNA MUND,

    Defendant.
----------------------------------------------------X

GARAUFIS, District Judge.

  The court provides this addendum to the sentencing memorandum filed in this case to further inform the discourse on my decision to re-sentence the defendant, Lorna Mund. On May 22, 2006, I orally imposed a sentence of thirty months imprisonment against Mund. Upon reconsideration, and over the objection of the Government, I re-sentenced Mund to a lesser sentence. The judgment of conviction sentencing <u>Mund</u> to one-year and one-day in the custody of the Attorney General and five years supervised release was signed by this court on June 16, 2006. Familiarity with the circumstances surrounding the re-sentencing, discussed at length in the court's sentencing memorandum attached to the judgment, is presumed.

  During the testimony in the case of <u>United States v. Baldassare Amato, et al.</u>, 03-CR-1382 (S-1) (NGG) (E.D.N.Y), currently being tried before this court, I became aware of the circumstances surrounding the sentencing of Anthony Tabbita, a cooperating witness at the trial. There are parallels between Tabbita's sentencing and Lorna Mund's that I think merit brief discussion. Tabbita, like Mund, received a certain sentence orally, and then, upon

reconsideration, the sentencing judge modified that sentence.[1] Tabbita's sentencing provides insight on the appropriateness of modifying sentences before a judgment has been signed, upon reconsideration, where the court arrives at the conclusion that the initially imposed sentence was inappropriate and not in the interests of justice.

In both the Tabbita and Mund cases, there is no dispute that an initial sentence was orally imposed by the court. In Tabbita, the Government immediately sought reconsideration of the sentence, specifically seeking "the Court's indulgence to reconsider the sentence." (Tabbita Sentencing Transcript, dated Mar. 27, 2002, at 22). When Judge Sterling Johnson expressed that he would reserve on his decision to reconsider, and that he would let his initial sentence stand and take the Government's application as a Rule 35 motion, the Government explicitly requested that Judge Johnson not treat the application as a Rule 35 motion and simply reserve on the reconsideration motion. (See id. at 27-28). Judge Johnson agreed, and at the subsequent sentencing hearing re-sentenced Tabbita to a term of imprisonment that was less than half as long as the initial sentence. (Tabbita Sentencing Transcript, dated Apr. 2, 2002, at 6).

In both the Tabbita case and the Mund case, there was an express acknowledgment by the parties and the court that Fed. R. Crim. P. 35 would not be applicable to permit modification of the initially imposed sentence. Thus, the jurisdictional bar raised by the

---

[1] The transcripts of the sentencing proceedings held before Judge Johnson on March 27, 2002 and April 2, 2002, in the case of United States v. Anthony Tabbita, 95-CR-754 (SJ), are attached to this memorandum. In summary, the following took place: Judge Johnson orally imposed a sentence of 300 months imprisonment. Immediately after the oral imposition of sentence, the Government asked the court to reconsider the sentence in light of Tabbita's cooperation with the Government, of which the court was already well aware. Judge Johnson permitted brief argument on reconsideration, and then reserved. At the second hearing, Judge Johnson re-sentenced Tabbita to a term of 144 months imprisonment.

Government in connection with the Mund sentencing, and expressed in the Second Circuit case of United States v. Abreu-Cabrera, 64 F.3d 67 (2d Cir. 1995), would presumably apply with equal force in Tabbita and in Mund. In both cases, the re-sentencing occurred after reflection by the sentencing judge, and was predicated not on a technical or mathematical error, but purely on a determination that the sentence initially imposed was unduly harsh under the circumstances and would not serve the interests of justice.

In the case of Lorna Mund, as I expressed orally at the second sentencing hearing and in the sentencing memorandum, I felt strongly that the Defendant's sentence needed to be modified to serve the interests of punishment and deterrence, the two goals of federal sentencing. I note that at the time I re-sentenced Mund, I was not aware of any other instance in this district or indeed within this circuit where a judge had been compelled to re-sentence a defendant in the interests of justice. But for the coincidental mention of Tabbita's re-sentencing raised on his cross-examination during the Amato trial, I would not have been aware that the Government recently had requested a judge in this district to do what it expressed it was "constrained" to object to in Lorna Mund's case.

I am certainly not accusing the United States Attorneys Office of bad faith; in fact, the Government's reasoning in Tabbita resonates with me as it did with Judge Johnson, and it is unlikely that the prosecutors here were aware of the previous and unrelated proceeding. However, the Tabbita case illustrates the need for allowing judicial discretion to reconsider sentences in certain discrete circumstances, as long as such acts of reconsideration do not impede justice and are not abusive of the sentencing scheme. In the case of Lorna Mund, I vacated an inappropriate and unjust sentence that I mistakenly imposed, and imposed a just sentence. I bring the Tabbita case to the attention of the parties in this matter to show that an

action such as the one I took with respect to Lorna Mund's sentence serves the interests of justice, and that it is consistent with the interests of all parties involved to preserve this flexibility.

Dated: June 22, 2006
Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge